UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARLENE B. MANESS,          )
                                     )
      Plaintiff,           )
                                     )
      vs.                  )     Case No. 4:18-cv-01307 JCH
                                     )
ST. LOUIS BREAD CO.,        )
*also known as* PANERA BREAD   )
*also known as* PANERA, LLC     )
                                     )
      Defendant.      )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, or in the alternative, Motion for More Definite Statement with regard to the Complaint of pro se Plaintiff Maness. The motion is fully briefed and ready for disposition.

## BACKGROUND

On August 8, 2018, pro se Plaintiff Maness filed her Complaint alleging Employment Discrimination under Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C. §§ 2000e, *et seq.*; The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*; and The Americans with Disabilities Act of 1900, as amended, 42 U.S.C. §§ 12101, *et seq.*, with an additional state law claim for the intentional infliction of emotional distress. (ECF No. 1). On September 13, 2018, Plaintiff filed a supplemental document to her Complaint alleging more facts regarding her complaint (ECF No. 8). On September 21, 2018, Defendant filed its Motion to Dismiss the Case, or in the Alternative Motion for More Definite Statement (ECF No. 9).

## <u>STANDARD FOR MOTION TO DISMISS</u>

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Twombly,* 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679 (citing *Twombly*, 550 U.S. at 556). The pleading standard of rule 8 "does not require 'detailed factual allegations," but it demands more than unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Further, in regard to a Rule 12(b)(6) Motion, the Supreme Court holds:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure ' 1216, pp. 235-236 (3d ed. 2004).

*Twombly*, 550 U.S. at 555. *See also Gregory v. Dillard's, Inc.,* 565 F.3d 464, 473 (8th Cir. 2009)(en banc)("[A] plaintiff 'must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims…, rather than facts that are merely consistent with such a right.'")(quoting *Stalley v. Catholic Health Initiative*, 509 F.3d 517, 521 (8th Cir. 2007)).

Additionally, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556 (citation omitted). "The issue is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support [his or her] claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (*abrogated on other grounds, Horlow v. Fitzgerald*, 457 U.S. 800 (1982)).

## DISCUISSION

### I. Compliance with Rule 8 of the Federal Rules of Civil Procedure

Defendant argues that Plaintiff has failed to comply with Rule 8 of the Federal Rules of Civil Procedure (ECF No. 10). In this action, Plaintiff's original Complaint is filed on the Court's Standard Employment Discrimination Complaint form. While Plaintiff's Complaint clearly indicates which statutes Plaintiff seeks relief under, the Complaint contains few clear factual allegations. Attached to the Complaint is a copy of the U.S. Equal Employment Opportunity Commission Office Dismissal and Notice of Rights and Charge of Discrimination which provides the Court with a more clear synopsis of some of the alleged facts. (ECF No. 1-3). Additionally, Plaintiff has filed a supplement to her Complaint. (ECF No. 8). While lacking a clear statement of the facts, Plaintiff's supplement to her complaint does provide the Court with additional information regarding her claims. Defendant contends that Plaintiff's Complaint fails to be direct and is vague. (ECF No. 10, at 3). Therefore, Defendant seeks dismissal of all of Plaintiff's claims or for a more definite statement. Specifically, Defendant seeks clarification whether Plaintiff is alleging both discrimination and retaliation under Title VII, the ADEA, and the ADA, or whether the claim of retaliation is being brought only under Title VII. (ECF No. 10, 3-4). Defendant also contends that Plaintiff has failed to be clear about who each claim is directed against. *Id.*

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Allegations are to be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). It is necessary that the complaint allows the Court and the opposing party to determine if a valid claim has been alleged so that the Defendant can be given "fair notice of what the… claim is and the grounds upon which it rests." *Twombly,* 550 U.S., at 555.

A pro se complaint should be liberally construed. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2014)(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). *See also Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)(holding that in civil rights actions a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Von Bokel v. McHugh*, No. 4:13-CV-2517 CAS, 2015 WL 357081, at *11 (E.D. Mo. Jan. 27, 2015). Additionally, in employment discrimination cases, the "complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim" but "the elements of a prima facie case are relevant to a plausibility determination. *Id*., at *11 (referencing *Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002)).

With these principals in mind, the Court will turn to each claim individually.

## II.    Plaintiff's claims under Title VII

Plaintiff has indicated that she has brought this lawsuit for sex discrimination,[1] sexual harassment, and retaliation under Title VII. (ECF No. 1, 1-5). Defendant contends that the Plaintiff has not alleged facts sufficient to plead an actionable claim of sex discrimination or retaliation. (ECF No. 10 at 4).

---

[1] For the purposes of this Order the Court will use sex discrimination and gender discrimination interchangeably

### a. Sex Discrimination under Title VII

To establish a *prima facie* claim for discrimination based on sex, the Plaintiff must prove that: (1) she was a member of a protected class; (2) she was qualified for her job; (3) she suffered an adverse employment action; and (4) there are facts that give rise to an inference of unlawful gender discrimination. *Fiero v. CSG Systems, Inc.*, 759 F.3d 874, 878 (8th Cir. 2014)(citing *Wells v. SCI Mgmt, L.P.*, 469 F.3d 697, 700 (8th Cir. 2006).

First, to assert a valid claim under Title VII the Plaintiff must demonstrate that she belonged to a protected class. *See, Turner,* 421 F.3d 688 at 694. Title VII prohibits discrimination in employment on the basis of gender. *Fiero*, 759 F.3d at 878 (citing *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011). In her Complaint Plaintiff clearly asserts that her claim is based on gender. (ECF No. 1, at 5). Defendant argues that Plaintiff's Complaint does not contain any factual allegations of any discriminatory acts based upon her sex. (ECF No. 10, at 5). While Plaintiff has indicated she believes that she was discriminated against because of her gender, she fails to make clear allegations showing that the alleged discrimination occurred because she is a woman. Plaintiff claims that she was yelled at continually and exposed to humiliation, but Plaintiff does not clearly describe how these allegations relate to her gender. (ECF No. 1-3). Plaintiff must clarify how her allegations of discrimination specifically relate to her gender. *See, Hawks v. J.P. Morgan Chase Bank* , 591 F.3d 1043, 1049 (8th Cir. 2010).

Second, under Title VII the Plaintiff must assert that she was qualified to do her job. *See, Fiero*, 759 F.3d at 878.  Job qualification, can be shown "when the employee 'actually performs her job at a level that meets her employer's legitimate expectations.'" *Id.*, at 1047 (citing *Whitley v. Peer Review Systems, Inc.,* 221 F.3d 1053, 1055 (8th Cir. 2000). While Plaintiff asserts that she

"did nothing to get fired," Plaintiff should provide additional facts to support her assertion that her job performance was meeting Defendant's legitimate expectations. (ECF No. 8, at 1).

Third, the Plaintiff must show that the Employer took an adverse employment action against her. *See, Fiero*, 759 F.3d at 878.

> "It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's… sex…or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's…sex…" 42 U.S.C. §2000e-2(a)

Even though Plaintiff failed to indicate in paragraph 10 of the Standard Employment Discrimination Complaint Form that the nature of the case included termination of her employment, Plaintiff has alleged that Defendant fired her without cause constituting an adverse employment action. (ECF No. 1, 2-4; ECF No. 8, at 1). Plaintiff should clearly state how all the alleged discrimination she has suffered and the alleged adverse employment actions taken against her are because of her sex.

Finally, to state a valid claim the Plaintiff must raise an inference of unlawful gender discrimination. *See, Fiero*, 759 F.3d at 878. To raise an inference of unlawful gender discrimination, the Plaintiff can show that she was treated differently from similarly situated male employees. *See, Bearden v. International Paper Co.*, 529 F.3d 828 (8th Cir. 2008)(citing *Wells,* 469 F.3d at 701)(male employees identified by the Plaintiff were not similarly situated even though thy suffered less severe consequences for violating company procedures were not considered to be similarly situated because they did not engage in similar enough conduct for which the Plaintiff was terminated). In her Complaint Plaintiff indicated that the terms and conditions of her employment differed from those of similar employees. (ECF No. 4). However,

Plaintiff has not provided specific facts or examples supporting this claim. Plaintiff should provide facts indicating which employees were similarly situated and how they were treated differently than she was for similar behavior in the workplace.

Although Plaintiff's claim for sex discrimination under Title VII lacks detail, the Court will give Plaintiff the opportunity to amend her Complaint to provide a more definite statement as to her Title VII claim for discrimination.

### b. Plaintiff's Hostile Work Environment Claim

In addition to her claims regarding sex discrimination, Plaintiff states in her Complaint that she was the victim of assault or harassment. (ECF No. 1, at 4). A Plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986). To establish a prima facie the Plaintiff must show: (1) membership in a protected group; (2) unwelcome harassment; (3) the harassment was based on sex; (4) the harassment affected a term, condition, or privilege of employment and that the employer knew or should have known of the harassment and failed to take proper remedial action. *See, Kratzer,* 398 F.3d at 1047.

In her Complaint Plaintiff names Patrick Day, a food delivery driver, as having sexually assaulted her. (ECF No. 1, at 2; ECF No. 1-3). Additionally, in the attached EEOC charge of discrimination, the Plaintiff states that she was subjected to sexual harassment by her direct supervisor, the General Manager, Charles Klinger. (ECF No. 1-3). However, this claim is not clearly stated in Plaintiff's complaint and lacks specific details about how both men are connected to her place of employment. Plaintiff does not provide facts indicating where or when the alleged harassment occurred. Plaintiff's attached EEOC Charge of Discrimination more clearly states that Charles Klinger was the General Manager and her direct supervisor, that since

January 2013, Klinger had subjected Plaintiff to different assignments and disrespected her, and treated her differently than her co-workers. On or about June 30, 2017 Plaintiff alleges that she was subjected to sexual harassment by Klinger. In July she informed the corporate office of that harassment and on or about August 1, 2017, she was discharged for negative comments in the workplace. (ECF No. 1-3). Plaintiff's complaint and supplemental filing further assert that she was humiliated, baited, yelled at and traumatized. (ECF No. 1, at 4; ECF No. 8, at 2).

Therefore, in light of the facts alleged across all of these sources of information, the Plaintiff has sufficiently alleged facts to overcome Defendant's Motion to Dismiss. The Court will give Plaintiff the opportunity to amend her complaint so that she can provide a more definite and clear statement of the facts regarding her claim for a hostile work environment under Title VII.

### c. Plaintiff's Retaliation Claim

Plaintiff alleges that the Defendant impermissibly retaliated against her. (ECF No. 4). Defendant has asked for clarification as to what statute and behaviors her retaliation claim pertains. (ECF No. 10, at 3). In her Complaint, Plaintiff clearly contends that she was fired two days after she reported to corporate that the General Manager sexually assaulted and/or harassed her. (ECF No. 1, at 2; ECF No. 1-3).  Defendant argues that Plaintiff has failed to support her claim of retaliation with sufficient factual allegations (ECF No. 10, at 6). To state a claim for retaliation in violation of Title VII, the Plaintiff must demonstrate that she (1) engaged in a statutorily protected activity; (2) suffered an adverse employment action; and (3) a causal connection exists between the two. *Bark v. Missouri Dep't of Corrections,* 513 F.3d. 831, 834 (8th Cir. 2008).

In this case, Plaintiff has asserted that she suffered an adverse employment action because her job was terminated. (ECF No. 1, at 2) The Plaintiff further contends that her firing took place soon after she reported sex discrimination and harassment to her employers. (ECF No. 1, at 2; ECF No. 1-1). Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees…because he has *opposed* any practice made an unlawful employment practice by this subchapter…" 42 U.S.C. § 2000e-3 (emphasis added). Therefore Plaintiff has sufficiently stated claim for retaliation sufficient enough to survive Defendant's Motion to Dismiss; however the Court will give Plaintiff the opportunity to amend her Complaint so she may give a more definite and clear statement of the facts surrounding her claim for a hostile work environment under Title VII.

### III.     Plaintiff's claims under the ADEA

The Defendant contends that Plaintiff has not made any factual allegations that she was subject to, or suffered any, discriminatory acts based upon her age. (ECF No. 10, at 8). To establish a prima facie case of age discrimination under the ADEA, the Plaintiff must show that (1) she was a member of the protected class of employees, at least 40 years old; (2) she was qualified to perform her job; and (3) she was replaced by a younger person. *Bearden v. International Paper Co*., 529 F.3d. 828, 832 (8th Cir. 2008). Other than claiming discrimination based on age in Paragraph 1 of the Complaint, the Plaintiff has not pled any facts indicating that the  alleged discrimination against her is tied to her age. (ECF 1, at 1). While Plaintiff notes that her birth year is 1947, and that she had not done anything to be fired, these facts absent more are not sufficient enough to support a claim of discrimination in violation of the ADEA. (ECF No. 1, at 5; ECF No. 8, at 1).  Therefore the Court will dismiss Plaintiff's claim under the ADEA.

### IV.     Plaintiff's Claims under the ADA

Plaintiff indicates that she has brought this action for disability discrimination in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 1202, *et seq.* (ECF No. 1, at 1). Defendant argues that Plaintiff has failed to state any facts supporting this claim and has failed to identify a qualified disability. (ECF No. 10 at 9). To establish a prima facie claim for disability discrimination, the Plaintiff needs to prove that (1) she had a disability within the meaning of the ADA; (2) She was qualified for her job and with or without reasonable accommodations the Plaintiff was able to perform the essential job functions of the position in question; and (3) Plaintiff suffered an adverse employment action because of the disability. *See, Lors v. Dean*, 595 F.3d 831,834 (8th Cir. 2010).

In order to show a disability that qualifies under the ADA, the Plaintiff must: (1) show that she has a physical or mental impairment, (2) identify a major life activity recognized under the ADA, and (3) show that such impairment affects the specified major life activity. *Bragdon v. Abbott*, 524 U.S. 624,631 (1998).

Plaintiff asserts that she has trouble with coherence and suffers from performance anxiety and panic attacks. (ECF No. 8, 1-2) Plaintiff should specify whether her symptoms are related to a disability within the meaning of the ADA, or a consequence of her previously alleged sex discrimination and harassment.

The Plaintiff must show that she was qualified for the job with or without reasonable accommodations. *See, Bragdon,* 524 U.S. at 631.  "An employee is qualified for a job when she meets the necessary prerequisites for the job-training, education, experience, and can perform the essential functions with or without reasonable accommodation. *Kratzer v. Rockwell Collins, Inc.* 398 F.3d 1040, 1044-45 (8th Cir. 2005)(citing *Cravens v. Blue Cross and Blue Shield of Kansas*

*City,* 214 F.3d 1011,1016 (8th Cir. 2000)). In her Complaint, Plaintiff discusses "a different way of doing chores than others." (ECF No. 1, at 2). Plaintiff is not clear if her statement about doing chores differently relates to her claim under Title VII that she was treated differently than similarly situated employees or if "different way of doing chores" refers to Plaintiff's need for a reasonable work accommodation. Plaintiff must provide clarification as to these alleged facts.

Finally, under the ADA, the Plaintiff must show that she suffered from an adverse employment action because of her disability. Plaintiff contends that she was fired without cause. (ECF No. 1 at 2; ECF No. 8, at 1). However, Plaintiff has not alleged enough facts to show whether the termination was because of a disability. The Plaintiff must provide a connection between an adverse employment action and her alleged disability for her claim to be cognizable under the ADA.

Although Plaintiff has failed to show a clear nexus between a disability and the alleged discrimination, she has provided facts which may pertain to disability discrimination. Out of an abundance of caution, the Court will grant Plaintiff leave to amend her Complaint to provide a more definite statement as to her claim under the ADA.

## CONCLUSION

The Court will allow Plaintiff two weeks from the entry of this Order to file an Amended Complaint with the Court so that she may clearly state her claims and give factual allegations to support them. The Amended Complaint will take the place of Plaintiffs original Complaint (ECF No. 1). Additionally, the letter Plaintiff filed supplementing her original Complaint (ECF No. 8) and the attachment to the original Complaint (ECF 1-3) will be excluded from the Pleadings. The Plaintiff will have to re-allege the facts that have already been stated in her initial Complaint and in her supplemental filing in the Amended Complaint for those facts to be considered. Plaintiff

will also have to reattach documents provided with the original pleadings to the amended complaint. The Plaintiff should restate all bases for her claims under Title VII for gender discrimination, harassment, and retaliation. Plaintiff should also restate and further clarify the facts supporting her claims under the ADA for discrimination based on disability and for her claim of Intentional Infliction of Emotional Distress. The Court also directs the clerk to forward an additional Employment Discrimination Complaint form to the Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or in the Alternative Motion for More Definite Statement (ECF No. 9) is **GRANTED** in part; and **DENIED, without prejudice** in part.

**IT IS FURTHER ORDERED** that Plaintiff's claim for age discrimination under The Age Discrimination in Employment Act of 1964; as amended, 29 U.S.C. §§ 621, *et seq.*, is dismissed, and that Plaintiff has two (2) weeks from the date of this Order to file her First Amended Complaint regarding her claims under Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C. §§ 2000e, *et seq.*, and The Americans with Disabilities Act of 1900, as amended, 42 U.S.C. §§ 12101, *et seq.*, with the Court, and that Plaintiff's failure to do so may result in the Court's granting Defendant's Motions to Dismiss.

**IT IS FURTHER ORDERED** that the Clerk's office is directed to forward an additional employment discrimination complaint form to the Plaintiff.

Dated this 22nd Day of October 2018.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE