UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLENE B. MANESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-01307 JCH |
| | ) |
| ST. LOUIS BREAD CO., | ) |
| *also known as* PANERA BREAD | ) |
| *also known as* PANERA, LLC | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Second Motion to Dismiss (ECF No. 19) with regard to the Amended Complaint of pro se Plaintiff Maness. The motion is fully briefed and ready for disposition.

## **BACKGROUND**

On August 8, 2018, Plaintiff filed a Complaint alleging Employment Discrimination under Title VII of the Civil Rights Act of 1964; as amended, 42 U.S.C. §§ 2000e, *et seq.*, The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*, and The Americans with Disabilities Act of 1900, as amended, 42 U.S.C. §§ 12101, *et seq.*, with an additional state law claim for the intentional infliction of emotional distress. (ECF No. 1). On September 13, 2018, Plaintiff filed a supplemental document to her Complaint alleging more facts regarding her Complaint. (ECF No. 8). On September 21, 2018, Defendant filed its Motion to Dismiss the Case, or in the Alternative Motion for More Definite Statement (ECF No. 9). On October 22, 2018, this Court granted Defendant's Motion in part and denied it without prejudice

1

in part, dismissing Plaintiff's claim of age discrimination and allowing Plaintiff to file an amended complaint with regard to her remaining claims. (ECF No. 13).

On November 5, 2018, Plaintiff filed her Amended Complaint with the Court (ECF No. 16), in addition to a supplemental document (ECF No. 17). On November 19, 2018, Plaintiff filed a Motion for leave to file a Second Amended Complaint. (ECF No. 18). On November 26, 2018, the Defendant filed a Second Motion to Dismiss. (ECF Nos. 19, 20). The Court denied Plaintiff's Motion for leave to file a Second Amended Complaint and directed the Plaintiff to respond to Defendant's Second Motion to Dismiss. (ECF No. 21). In its Second Motion to Dismiss, Defendant contends that Plaintiff has failed to adequately plead disability, gender, or age discrimination or the intentional infliction of emotional distress in her Amended Complaint.

## **STANDARD FOR MOTION TO DISMISS**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show that "'the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(citing *Twombly,* 550 U.S. at 555). The pleading standard of rule 8 "does not require 'detailed factual allegations,'" but it demands more than unadorned the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (citing *Twombly*, 550 U.S. at 556). In an employment

discrimination case, the complaint does not require specific facts establishing a *prima facie* case for it to survive a motion to dismiss, but the elements of the prima facie case are relevant as to the Court's determination of the plausibility of the claim. *Von Bokel v. McHugh,* No. 4:13-cv-2517 CAS 2015 WL 357081, at *11 (E.D. Mo. Jan. 27, 2015).

## **DISCUISSION**

In the previous Memorandum and Order issued by the Court, Plaintiff was instructed to provide a more definite statement as to the underlying facts supporting her claims of discrimination and was granted leave to file an Amended Complaint. (ECF No. 13). Defendant argues that the Plaintiff's Amended Complaint fails to offer additional support or clarity from her original Complaint. (ECF No. 20). Defendant seeks to dismiss Plaintiff's claims of age discrimination, disability discrimination, sex discrimination and intentional infliction of emotional distress. *Id.*

### I. Age Discrimination

Plaintiff claimed in her original Complaint that she suffered discrimination based upon her age. The Court found that the Plaintiff failed to allege facts supporting this cause of action and dismissed it accordingly. (ECF No. 13). Plaintiff then in her Amended Complaint re-alleged age discrimination by checking the box on the pro se complaint form which indicated that her employment discrimination lawsuit was based on a violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq*.

To make out a prima facie case of age discrimination the Plaintiff must show that she was a member of the protected class of employees, those at lease forty years old; that she was qualified to perform her job; and that she was replaced by a younger person. *Bearden v.*

*International Paper Co.,* 529 F.3d 828,832 (8th Cir. 2008). Plaintiff has failed to allege facts consistent with a claim for age discrimination. Therefore her claim will remain dismissed.

## II. Disability Discrimination

In Plaintiff's original Complaint she did not clearly state a claim for disability discrimination. Out of an abundance of caution the Court instructed the Plaintiff to provide a more definite statement detailing her claim for disability discrimination. The Court requested that Plaintiff highlight the nexus between her alleged disability and the alleged discrimination (ECF No.13). In her Amended Complaint the Plaintiff checked the box located on the pro se complaint form indicating that her employment discrimination lawsuit is based on a violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 121001, *et seq*. Defendant argues that the Plaintiff has failed to adequately plead a claim for disability because the Plaintiff has not clarified what disability she has or what discriminatory acts she experienced because of her disability. (ECF Nos. 21, 25). The Court Agrees.

To make a *prima facie* case of disability discrimination the Plaintiff must show that she had a disability within the meaning of the ADA; that she was qualified for her job—with or without reasonable accommodation; and that Plaintiff suffered an adverse employment action because of her disability. *Lors v. Dean,* 595 F.3d 831,834 (8th Cir. 2010). Plaintiff has not identified what her alleged disability is in the Amended Complaint; nor has she alleged any facts indicating that her employer was aware of a disability. Plaintiff only discusses a possible hearing disability in her Response to the Defendant's Second Motion to Dismiss. (ECF No. 22). The Plaintiff has not indicated any conduct that amounts to discriminatory behavior on the part of her employer with regard to disability, therefore, the Plaintiff's claim for disability discrimination will be dismissed.

### III. Claims under Title VII.

Plaintiff has alleged that she was subject to sex discrimination, a hostile work environment and retaliation in violation of Title VII. In its previous Order the Court instructed the Plaintiff to provide more detail as to her claims for sex discrimination under Title VII by pleading information raising an inference of unlawful discrimination. In her Amended Complaint the Plaintiff reasserts all three of her claims. (ECF No. 16, p.1).

#### a. Sex Discrimination

A *prima facie* case of sex discrimination can be established by showing that the Plaintiff is a member of a protected class, that she was qualified to do her job, and there are facts that give rise to an inference of unlawful gender discrimination. *Fiero v. CSG Systems inc.,* 759 F.3d 874, 878 (8th Cir. 2014). The Defendant argues that Plaintiff's Amended Complaint fails to indicate how any alleged discriminatory act was because of her gender. (ECF No. 20). Defendant's argument rests on whether the Plaintiff has raised a sufficient inference of unlawful gender discrimination.

The Defendant contends that the Plaintiff has failed to show that she was treated differently from similarly situated employees. (ECF No. 20). Although the Defendant is correct that one method of raising an inference of gender discrimination is by pointing to a similarly situated male individual who was treated more favorably than the Plaintiff, it is not the only method. *See generally, Lewis v. Heartland Inns of America, L.L.C.,* 591 F.3d 1033, 1039-40 (8th Cir. 2010)(explaining that the required showing for sex discrimination is a flexible and individualized inquiry). "Comparative evidence is certainly not the 'exclusive means by which a plaintiff may establish an inference of discrimination.'" *Id.* (citing *Young v. Warner-Jenkinson Co., Inc.* 152 F.3d 1018, 1022 (8th Cir. 1998).

In this case, the Plaintiff describes being yelled at and baited in the workplace and describes becoming aware of other female employees who experienced similar episodes of yelling and harassment. (ECF No. 16). Plaintiff describes how she witnessed her General Manager attempt to seduce underage girls and how he would punish the Plaintiff by yelling at her if one of the young women upset him. (ECF No. 16). Plaintiff states in the documentation attached to her Amended Complaint that she has "seen the difference in how Chuck [the general manager] treats men and women." (ECF No. 16). Ordinarily, mere conclusory statements do not suffice to state a plausible claim on a motion to dismiss (*Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009)(citing, *Twombly*, 550 U.S. at 555)), but "[e]vidence that members of one sex were the primary targets of … harassment is sufficient to show that the conduct was gender based." *See, Quick v. Donaldson Co.,* Inc. 90 F.3d 1372, 1378 (8th Cir. 1996)(citing, *Kopp v. Samaritan Health System Inc.,* 13 F.3d 264, 269-70 (8th Cir. 1993)(determining that incidents of abuse involving primarily women satisfied the requirement of gender based conduct in an appeal of summary judgement). While this is not a clear suggestion of impermissible animus Plaintiff raises an inference that female workers were treated differently. Therefore the Court will not dismiss the Plaintiff's claim for a violation of Title VII based on gender discrimination. Furthermore, the Plaintiff raises additional claims under Title VII regarding hostile work environment and retaliation.

b. **Sexual Harassment and Hostile work environment**

The Plaintiff alleges that she has been sexually harassed and subject to a hostile work environment in violation of Title VII. A plaintiff may establish a violation of Title VII by proving that discrimination based on sex has created a hostile or abusive work environment. *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 (1986). "When the workplace is permeated with

'discriminatory intimidation, ridicule and insult,' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris v. Forklift Systems*, *Inc.*, 510 U.S. 17,21 (1993)(citing *Meritor*, 447 U.S. at 64)(internal citations and brackets omitted). Yet, "[c]onduct that is not severe or pervasive enough to create an objectively hostile or abusive work environment—an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview. *Id.*

The Plaintiff points to being yelled at, baited, humiliated, and being sexually assaulted in support of this claim. (ECF No. 16). Plaintiff states that the assault was perpetrated once by her supervisor, the General Manager Mr. Klinger, and once by Mr. Patrick Day, a food delivery person. *See,* (ECF No. 16, EEOC Charge of Discrimination). Defendant contends that Plaintiff's allegation of sexual harassment "appears to be nothing more than another employee accidentally making contact with her in a crowded and cramped area of the workplace." (ECF No. 20). Defendant points to Plaintiff's Amended Complaint which states "accidental physical abuse" as one of her additional causes of action. Defendant argues that this supports their contention that if contact occurred between the Plaintiff and a co-worker it must have been accidental. (ECF No. 20). It is not clear to the Court whether Plaintiff is referring to the incidents of sexual assault in this sentence.

While Plaintiff is not explicit in her Amended Complaint about the nature of the contact made with her in the workplace by Mr. Klinger or Mr. Day, the Court is obligated to look at the allegations liberally and in the light most favorable to the Plaintiff. *Eckert v. Titan Fire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008). Therefore the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005). This is particularly important when the plaintiff

7

is *pro se*. *See, Stone v. Harry,* 364 F.3d 912,914 (8th Cir. 2014)(citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

Plaintiff contends that both men touched her upon passing her despite having space to walk around her. In attached documentation, Plaintiff states that Mr. Klinger "pressed his derriere" against her and that Mr. Day did the same, rubbing himself slowly against her. (ECF No. 16). "The type of conduct that may constitute sexual harassment includes sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature. The harassment need not be explicitly sexual in nature…nor have explicit sexual overtones. *Quick v. Donaldson Co., Inc.,* 90 F.3d 1372 (citing *Stacks v. Southwestern Bell Yellow Pages, Inc.,* 27 F.3d 1316, 1326 (8th Cir. 1994); *Hall v. Gus Const. Co., Inc.,* 842 F.2d 1010, 1014 (8th Cir. 1988)). The Supreme Court in *Meritor* stated that it is "[w]ithout question [that] when a supervisor sexually harasses a subordinate because of the subordinate's sex,…the supervisor discriminates on the basis of sex." *Meritor,* 477 U.S. 57, 64 (1986). Here, the Plaintiff alleges that a co-worker and her direct supervisor assaulted and harassed her which, if taken to be true, constitutes conditions creating a hostile work environment. *See, Faragher v. City of Boca Raton*, 524 U.S. 775 (in which acts of a supervisor including uninvited and offensive touching may have constituted discriminatory conduct in violation of Title VII). The Court believes that Plaintiff has pled enough to raise an inference that she may have been subject to a hostile work environment and therefore will not dismiss Plaintiffs claim for hostile work environment in violation of Title VII.

    c. **Retaliation**

In her Amended Complaint Plaintiff states that she made corporate aware of the harassment and assaults and was thereafter fired. Title VII prohibits an employer from

retaliating against an employee who opposes discriminatory practices. 42 U.S.C. §2000e-3(a). To state a valid claim for retaliation under Title VII, the Plaintiff must allege facts showing that the plaintiff engaged in protected conduct, including opposition to an action prohibited by Title VII such as discrimination on the basis of sex; she was subjected to an adverse employment action, and there was a "causal nexus" between her protected conduct and the adverse employment action. *Lewis v. Heartland Inns of America, L.L.C.,* 591 F.3d 1033, 1042 (8th Cir. 2010).

In its previous order the Court found that Plaintiff had included facts sufficient to support a plausible claim for retaliation in violation of Title VII by attaching her EEOC right to sue paperwork to her original Complaint. The EEOC charge of discrimination clearly stated that Plaintiff was fired soon after she reported sexual harassment to her corporate office. Plaintiff was instructed to restate and provide a more clear statement regarding her claim for retaliation. (ECF No.13). In her Amended Complaint Plaintiff specifically states that she was "fired 2 [two] days after [she] reported to corporate that GM [general manager] had sexually assaulted [her] [and that] Patrick Day also sexually assaulted [her]." (ECF No. 16, p. 2). Plaintiff alleges that she engaged in a statutorily protected activity of reporting discriminatory conduct to her employer, and soon after reporting, the Plaintiff was fired. While timing of discharge is not dispositive, Plaintiff has raised an inference that Defendant acted with an impermissible motive. *See, Smith v. Allen Health Systems, Inc.*, 302 F.3d 827,832-33 (8th Cir. 2002)(Discussing the importance of temporal proximity in retaliation cases).

In their Second Motion to Dismiss, the Defendant does not specifically address Plaintiff's retaliation claim but points to information the Plaintiff raised about complaints filed against her to show that Plaintiff was fired for justifiable reasons. While not clear, it appears Plaintiff discusses these points to show the opposite. Plaintiff claims that the complaints were fabricated

and retaliatory. (ECF Nos. 16, 22). Plaintiff states that following making her report of sexual assault the district manager asked the Plaintiff to transfer. Plaintiff asserts that this request was followed by anonymous complaints being filed with corporate, some of which were dropped when Plaintiff inquired about seeing them. (ECF No. 16). Plaintiff also states in her Response that she had not received any substantial complaints against her until she reported the two instances of sexual harassment and/or assault. (ECF No. 22). While Defendant's contention that the Plaintiff's inclusion of her disciplinary report demonstrates a legitimate reason for firing the Plaintiff her disciplinary record is also not dispositive. When the Plaintiff makes a showing that she has been subject to an unlawful act under Title VII, the Defendant may produce a legitimate nondiscriminatory reason for its employment action. The Plaintiff is then able to argue that this proffered reason for her discharge is pre-textual. *Lewis v. Heartland Inns of America,. L.L.C.,* 591 F.3d, 1037-38. (8th Cir. 2010)(citing *McDonnell Douglas Corp v. Green,* 411 U.S. 792 (1973). The Plaintiff has sufficiently raised an inference that her discharge was discriminatory. Therefore the Court will not dismiss Plaintiff's claim for retaliation under Title VII.

### IV. Intentional Infliction of Emotional Distress

Finally, the Plaintiff raises a claim for intentional infliction of emotional distress. Defendant argues that the Plaintiff has not specifically addressed the claim. In its previous Order the Court instructed the Plaintiff to clarify and restate facts supporting her claim for intentional infliction of emotional distress. In Plaintiff's discussion of her alleged sexual harassment and alleged hostile workplace, Plaintiff described occasions in which she was yelled at, baited or felt unsafe but does not connect them to the intentional infliction of emotional distress claim. To make out a claim for intentional infliction of emotional distress under Missouri law, "'a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly

causes severe emotional distress that results in bodily harm." *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 310 (8th Cir. 2009)(citing *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo.1997)(en banc). Plaintiff has not alleged facts supporting her claim, therefore, the Plaintiff's claim for intentional infliction of emotional distress will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Second Motion to Dismiss (ECF No. 19) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's cause of action for age discrimination under the Age Discrimination in Employment Act of 1967, as amended 29 U.S.C. §§ 621 *et seq.,* is hereby **dismissed**; that Plaintiff's cause of action for disability discrimination in violation of the American's with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.,* is **dismissed**; and Plaintiffs claim for intentional infliction of emotional distress is also hereby **dismissed**.

Dated this 11th Day of January 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE