UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MARLENE B. MANESS** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:18-CV-1307 JCH |
| | ) |
| **ST. LOUIS BREAD CO.,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgement. (ECF No. 89). The matter is fully briefed and ready for disposition.

## DISCUSSION

On October 11, 2019, the Plaintiff filed a Pro Se Motion for Partial Summary Judgement relating to her claims of retaliation and termination of her employment. (ECF No. 89). The Plaintiff's Motion did not put forth an argument in favor of Partial summary judgement. The only claims remaining before the Court in this case are Plaintiff's claims of sex discrimination, sexual harassment, and retaliation under Title VII of the Civil rights Act of 1964. *See,* ECF No. 29.

Defendant responded to the Motion for Partial Summary Judgement on November 1, 2019. Defendant argues that the Plaintiff has failed to comply with the requirements of Federal Rule of Civil Procedure 56 and Local Rules 7-4.01(A), and (E). Defendant specifically argues that, absent a proper motion for summary judgement, it is unable to determine the material facts that Plaintiff believes are uncontroverted and what arguments are being advanced in support of

1

her motion. (ECF No. 90). For Plaintiff's failure to comply with the rules governing Motions for Summary Judgement, Defendant seeks denial of her motion. *Id.*

Federal Rule of Civil Procedure 56 states that:

> (a) …A party may move for summary judgement, identifying each claim or defense – or the part of each claim or defense – on which summary judgement is sought. The court shall grant summary judgement if the movant shows that there is no genuine dispute as to any material fact and the movant is entitle to judgement as a matter of law.

Fed. R. Civ. P. 56(a). A Court may grant a motion for summary judgment if "there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Under Rule 56(c), to support one's factual position in a motion for summary judgement, a party must "cit[e] to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations… admissions, interrogatory answers or other materials…." Fed. R. Civ. P. 56(c)(1)(A). Additionally, Local Rule 7-4.01(A) requires that a party moving for summary judgement "…file with each motion a memorandum in support of the motion, including any relevant argument and citations to any authorities on which the party relies." LR 7-4.01(A). A "memorandum in support of a motion for summary judgement shall have attached a statement of uncontroverted facts, set forth in a separately numbered paragraph for each fact, indicating whether each fact is established by the record, and, if so, the appropriate citations." LR 7-4.01 (E).

Plaintiff in this case has neither provided a separate or concise statement of material facts, nor has she provided a supportive memorandum containing citations to any relevant case law. The Court will therefore deny Plaintiff's Motion for Partial Summary Judgement. *See, e.g. Logan v. Chertoff*, No. 4:07CV1948 CAS, 2009 WL 412974, at *1 (E.D. Mo. Feb. 18, 2009). Plaintiff, although *pro se,* must still comply with substantive and procedural law such as the Federal Rules of Civil Procedure and the Local Rules. *See, Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983)(holding pro se status does not allow a party to disregard the Federal Rules of Civil Procedure); *see also Jones v. Hertz. Corp.*, No. 4:10CV603 TIA, 2011 WL 6812912, at *9 (E.D Mo. Dec. 28, 2011).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgement, ECF No. 89, is **DENIED without prejudice**.

Dated this 20th day of November 2019.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT