UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLENE B. MANESS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:18-CV-1307 JCH |
| ST. LOUIS BREAD CO., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion of Defendant St. Louis Bread Co., to Compel Discovery (ECF No. 91); on Defendant's Motion to Stay the Case Management Order (108); on Defendant's Motion to Dismiss for failure to comply in discovery (ECF No. 107); on Plaintiff's Motion for an Extension of time for Discovery (ECF No. 100); on Plaintiff's Motion for Extension of Partial Summary Judgement (ECF No. 101); and on Plaintiff's Motion to Compel (ECF No. 102). The matters are ready for disposition.

## BACKGROUND

Pro se Plaintiff brought the instant case against her former employer, Defendant St. Louis Bread Co., under Title VII of the Civil Rights Act of 1964 42 USC §§ 2000e et seq., for discrimination and retaliation. The only remaining count is for retaliation. Both Plaintiff and Defendant have filed various discovery motions in this case.

A review of the record indicates that on November 11, 2019, Defendant filed a Motion to Compel Discovery (ECF No. 91) alleging that the Plaintiff had not responded to Defendant's

1

First Set of Requests for Production of Documents, nor had Plaintiff submitted adequate answers to Defendant's First Set of Interrogatories. On December 3, 2019, the Court Ordered the Plaintiff to file a response to Plaintiff's Motion to Compel. (ECF No. 99). Defendant additionally filed a Motion for Leave to take the Plaintiff's Deposition following the close of discovery. (ECF No. 97). The Court granted the Motion. (ECF No. 98). Defendant asserts that the Plaintiff has not complied with the Order.

On December 5, 2019, the Plaintiff filed three motions with the Court. Plaintiff's first Motion requests an extension of time for discovery. (ECF No. 100). In this motion, the Plaintiff appears to request leave to take depositions of the Defendant. *Id.* Plaintiff also filed a Motion to Compel. (ECF No. 102). In this Motion Plaintiff replies to Defendant's previous motion to take her deposition on which the Court has already ruled. Plaintiff, in the second part of her Motion, asks the Court to Compel certain records. *Id.* Plaintiff additionally seeks an extension to time on for summary judgement. (ECF No. 101).

## DISCUSSION

I. **Motions to Compel**

Defendant has filed a Motion to Compel Plaintiff's cooperation with discovery in this case. Specifically, the Defendant requests that Plaintiff respond to Defendant's First Set of Requests for Production of Documents required under Federal Rule of Civil Procedure 34.

Federal Rule of Civil Procedure 34 sets out the procedures for producing and requesting documents and other information during the discovery phase of litigation. A party can serve on any other party a request to produce documents, electronically stored information, or tangible items. Fed. R. Civ. P. 34(a). To do this, a party must request the desired information by

2

describing "with reasonable particularity" the requested item or information, and provide a "reasonable time, place, and manner" of production. Fed. R. Civ. P. 34(b). "The party to whom the request is directed must respond in writing within 30 days of being served… or within 30 days of the parties' first rule 26(f) conference." *Id.* Defendant states that Plaintiff did not appropriately respond to its requests.

Defendant asserts that it sent a letter to the Plaintiff requesting that she respond to Defendant's First Set of Requests for Production of Documents and to supplement her answers to Defendant's First Set of Interrogatories. Defendant additionally asserts that the parties conferred by telephone regarding Defendant's request prior to the filing of the motion. (ECF No. 91). Federal Rule of Civil Procedure 37(a)(1) states that "…a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). By corresponding with Plaintiff by letter and telephone Defendant has complied with Rule 37.

Plaintiff has also brought a motion to compel discovery. Plaintiff requests certain records about Mr. Klinger and Mr. Day from the Defendant. (ECF No. 102). The Plaintiff specifically requests medical records, military records, and work records of Mr. Day, her own work records, and the medical, military records and work records of Mr. Klinger. Plaintiff also requests information about Defendant's Insurance Policy Records. Defendant objects to Plaintiff's Motion to compel on the basis that Plaintiff has failed to comply with Federal Rule of Civil Procedure 37 and Local Rule 3.04 for failure to serve any requests for production on the Defendant and on the grounds that it is not in possession of the military or medical files of Mr. Klinger or Mr. Day.

Plaintiff has failed to comply with Federal Rule of Civil Procedure 37 because she has not requested the work records for Mr. Klinger or Mr. Day. Therefore, Defendant will not be compelled to produce such documents. Defendant further asserts that the Plaintiff is in possession of her own work records because they were produced in Plaintiff's personnel file in Defendant's Rule 26 Disclosures. (ECF No. 103). Plaintiff's Motion to Compel her own work records will be denied as moot. The Defendant has however agreed to provide the Plaintiff with the insurance policy information upon entry of a mutually agreeable protective order. (ECF No. 103, 1-3). The Court will grant that aspect of Plaintiff's Motion.

Plaintiff's Motion to Extend Discovery appears to seek leave to take depositions to help prove her case. (ECF No. 100). "A party may, by oral questions, depose any person, including a party, without leave of the court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). A party must obtain leave from the Court to conduct a deposition if the parties have no stipulated to such deposition. Fed. R. Civ. P. 30(a)(2)(A). "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state that the time and place of the deposition, and if known, the deponents name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs." Fed. R. Civ. P. 30(b)(1).

Despite failing to comply with the procedure outlined in Federal Rule of Civil Procedure 30(a)(2), or working with Opposing Counsel to conduct the necessary depositions before filing a motion with this Court, the Plaintiff will be permitted to take depositions in this case. It is noted that while Plaintiff seeks depositions to help prove her case, she has failed to comply with this Court's previous order compelling Plaintiff to sit for a deposition with the Defendant. (ECF No. 98). The Plaintiff must comply with this and previous orders of this Court. A Pro Se Plaintiff is

4

not exempt from cooperating in discovery. Therefore, Plaintiff must participate in discovery with Defendant within 14 days of the issuance of this Order to not further delay litigation and allow both parties to prepare their case

**II. Defendant's Motion to Stay the Case Management Order and Plaintiff's Motion for Extension of Partial Summary Judgement**

On January 10, 2020, Defendant St. Louis Bread Co., filed a Motion to Stay the Case Management Order in this case. (ECF No. 108). With this Motion, the Defendant also filed a Motion to Dismiss for Failure to Cooperate in Discovery and for Failure to Prosecute. (ECF No. 107). Defendant requests that the Court stay the remaining deadlines in the Case Management Order including the parties' dispositive motions and the May 5, 2020 trial date until the Court has made a determination on Defendants Motion to Dismiss. The Plaintiff has requested that the Court grant an extension of time on her dispositive summary judgement motion. (ECF No. 101).

The Court has given the Parties 14 days following the issuance of this Order to resolve the outstanding discovery disputes in the case. The parties will additionally be ordered to file joint a status update regarding the completion of the outstanding discovery on that date. The Court will grant Defendant's Motion to Stay the Case Management Order and will hold Defendant's Motion to Dismiss in abeyance pending compliance with the instant Order. Plaintiff's Motion for Extension of the Summary Judgement deadline is therefore moot. Plaintiff must meet her basic obligations to litigate this case under the rules. A pro se litigant is required to follow the rules of litigation.   This includes timely participation in discovery. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir. 2000)("A pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery).

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel (ECF No. 91) is **GRANTED**; that Plaintiff's Pro Se Motion for the Extension of time for Discovery (ECF No. 100) is **GRANTED in part and DENIED in part**; that Plaintiff is ordered to participate in discovery with Defendant and the parties are granted 14 days from the issuance of this Order for the parties to confer and complete depositions in this case; that Plaintiff, in accordance with (ECF No. 98) must submit to having her own deposition taken by Defendant; that Plaintiff will provide answers to Defendant's First set of Interrogatories and provide responses to Defendant's request for production; and that the Parties will file a Status Update following this limited discovery period. Plaintiff's Failure to comply with this Order will result in the dismissal of her claims.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel (ECF 102) is **GRANTED in part and DENIED** in part. Plaintiff and Defendant shall file a joint protective order with the Court within 14 days of the issuance of this order regarding the requested insurance policy; in all other respects Plaintiff's Motion to Compel is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay the Case Management Order (ECF No. 108) is **GRANTED**; that Defendant's Motion to Dismiss (ECF No. 107) is held in abeyance; and that Plaintiff's Motion for Extension of Partial Summary Judgement (ECF No. 101) is **DENIED as moot**.

Dated this 27th day of January, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT