UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLENE B. MANESS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 4:18CV1307 JCH |
| | ) |
| ST. LOUIS BREAD CO., | ) |
| | ) |
| Defendant. | ) |

**MEMROANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss for Failure to Cooperate in Discovery and for Failure to Prosecute, filed January 10, 2020. (ECF No. 107). On January 27, 2020 the Court held this motion in abeyance pending the completion of the discovery ordered by the Court. The matter is now ready for disposition.

Defendant seeks dismissal for Plaintiff's failure to cooperate in discovery dating back to November 2019 in accordance with Federal Rules of Civil Procedure 37 and 41. Under Rule 37(d) of the Federal Rules of Civil Procedure, a defendant may seek sanctions, including dismissal, for a plaintiff's failure to attend her deposition and/or failure to respond to interrogatories and requests for production. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). A defendant may also move to dismiss the action if a plaintiff fails to prosecute or to comply with the Federal Rules or a court order, *See e.g., Aziz, 34 F.3d 587 at 589* (affirming dismissal of pro se plaintiff's complaint where plaintiff failed to comply with order of the court); and see, Fed. R. Civ. P. 41(b). Dismissal pursuant to Rule 41(b) is proper where the plaintiff has acted in "willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000); *see Arnold v. ADT Sec. Servs.,* Inc., 627 F.3d 716, 722 (8th Cir.

2010) (affirming a Rule 41(b) dismissal where the plaintiff acted with a "persistent pattern of delay and failure to comply with the district court's orders.").

Pursuant to the Memorandum and Order issued by this Court on January 27, 2020, the parties were to participate in discovery including depositions within fourteen (14) days of the Order. (ECF No. 115). The Order also mandated that the parties file a status report with the Court as to the status of discovery in this case at the close of the fourteen days. On February 10, 2020, Defendant filed a status report with the Court. (ECF No. 117). Defendant states that Defense counsel communicated by letter to Plaintiff on January 28, 2020, to schedule Plaintiff's deposition and requested that Plaintiff contact counsel for Defendant by January 31, 2020. *Id.* ¶ 2. Defense counsel also provided Plaintiff with a proposed Protective Order in compliance with the January 27th Order. *Id.* Defense Counsel states that Counsel and Plaintiff spoke on February 3, 2020 and agreed to a deposition on February 6, 2020. *Id.* ¶ 3. On February 4, 2020, Plaintiff stated that she would not sit for her deposition. *Id.* ¶ 4. Plaintiff failed to appear for her deposition on February 6, 2020. *Id.* ¶ 6., citing (ECF No. 117-5, Certificate of Non-Appearance). Defendant asserts that the Plaintiff has also failed to provide answers to the Defendant's First Set of Interrogatories. *Id.* ¶ 7.

Plaintiff has failed to cooperate in discovery throughout the litigation process. This Court has ordered the Plaintiff to sit for deposition or to participate in discovery on November 25, 2019, December 3, 2019 and on January 27, 2020. (ECF Nos. 98,99,111). In the Court's January 27, 2020 order, the Court advised Plaintiff that failure to cooperate in this case would result in the dismissal of her cause of action. (ECF No. 111). Therefore, Plaintiff's Cause of action will be dismissed and Defendant's Motion to Dismiss for Failure to Cooperate in Discovery and for Failure to Prosecute will be granted.

Accordingly,

IT IS HEREBY ORDERED that Defendants Motion to Dismiss (ECF No. 107) is GRANTED, judgement to issue with this Order.

Dated this __10th____ day of February 2020.

    \s\ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT COURT